J. Benjamin HALL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19390.

United States Court of Appeals Fifth Circuit.

Sept. 12, 1962.

Rehearing Denied Oct. 11, 1962.

Pierre Howard, Wesley R. Asinof, Atlanta, Ga., for appellant.

Bobby C. Milam, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before CAMERON, JONES and GEWIN, Circuit Judges.

CAMERON, Circuit Judge.

Appellant Hall was found guilty by the jury under two counts of a five count indictment charging the possession and sale of distilled spirits in violation of the Internal Revenue Laws. The Government relied chiefly upon the testimony of an informer who dealt with the appellant several times by telephone conversations. With the consent of the informer the Government agents listened to the conversations over an extension telephone and made tape recordings of them. One of the agents while testifying refreshed his recollection from a transcript of the recordings.

Appellant seeks reversal upon his contention that the informer was not shown to have consented that the agent divulge or publish the contents of the conversations. We pass over the Government's argument that proper objection was not made on this ground. Appellant bases his contention on the following portion of 47 U.S.C.A. § 605, which he quotes:

"* * * no person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person * * *."

The question raised by appellant was decided by us within the last few months in the case of Carnes et al. v. United States, 1962, 5 Cir., 295, F.2d 598. Based upon that decision and the authorities cited in it, the judgment of the court below is

Affirmed.