(No. 39357.— ▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
DEAN WOLFSON, Appellant.

*Opinion filed June 16, 1966.*

HARRY J. BUSCH and JACOB SHAMBERG, both of Chicago, (WARREN D. WOLFSON, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and E. JAMES GILDEA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Dean Wolfson, was indicted for bribery.

(Ill. Rev. Stat. 1963, chap. 38, par. 33—1.) He was tried without a jury in the circuit court of Cook County, convicted, and placed on probation for three years without a duty to report to a probation officer. He has appealed directly to this court on the ground that questions "arising under the Constitution of the United States" are involved. (Ill. Const., art. VI, sec. 5.) Specifically, he invokes the supremacy clause and the fourth, fifth, and fourteenth amendments to the constitution of the United States, which he maintains were violated by the admission in evidence of tape recordings of certain telephone conversations. We hold that the defendant's contentions fail to raise a substantial constitutional question and that the appeal must be transferred to the appellate court.

The defendant allegedly offered $500 to an inspector of the State Division of Narcotics Control in an effort to secure the absence of a witness from a criminal proceeding. After this alleged offer had been made, the inspector had several telephone conservations with the defendant. The inspector made and received these calls at two Chicago offices of the State's Attorney of Cook County. The conversations were recorded by a detective of the Chicago Police Department, who had connected tape recorders to a telephone junction box at one office and to an extension line at the other. Although the defendant was unaware that the recordings were being made, there is no doubt that the narcotics inspector had consented to the recording of the conversations.

The defendant claims that admission of the recordings into evidence violated the Federal Communications Act. (48 Stat. 1103, 47 U.S.C. sec. 605.) He maintains that the trial court's erroneous failure to apply the Federal statute therefore contravened the supremacy clause of article VI of the constitution of the United States. Of course the Communications Act, like the constitution, other Federal statutes and treaties, is the supreme law of the land, but it does not fol-

low that an alleged misconstruction of a Federal statute confers jurisdiction upon this court on direct appeal.

Any erroneous interpretation of a Federal statute might, in a technical sense, be considered a violation of the supremacy clause. Yet the problem for a reviewing court when such an error is raised is a construction of the Federal act, not a construction of the constitution. If the framers of article VI of the Illinois constitution had intended to confer jurisdiction upon this court in cases involving issues of Federal statutory law, they undoubtedly would have chosen more appropriate language than "cases involving a question arising under the Constitution of the United States." The defendant's argument obliterates the distinction between Federal statutes and the Federal constitution, and it is inconsistent with the well-established practice of appealing cases that involve Federal statutory issues to the appellate court. See, *e.g., Boyer* v. *Atchison, Topeka & Santa Fe Railway Co.* 34 Ill. App. 2d 330; *Pennell* v. *Baltimore and Ohio Railroad Co.* 13 Ill. App. 2d 433; *Knight* v. *Chicago and North Western Railway Co.* 3 Ill. App. 2d 502.

The defendant also claims that the fourth and fifth amendments to the Federal constitution, made applicable to the States by the fourteenth amendment, were violated by admission of the recordings. Differing views have been expressed as to whether wiretapping conducted without the consent of a party to the conversation would violate the constitution. (See *Olmstead* v. *United States,* 277 U.S. 438, 72 L. Ed. 944.) In this case, however, one of the parties did consent, and so long as that party's testimony as to the conversation would not violate the defendant's constitutional rights, we see no substantial merit to the claim that admission of the recordings would do so. Our conclusion that the defendant's contention is insubstantial is based not only on our view that it lacks merit but upon the fact that it has been authoritatively resolved by the United States Supreme

Court: "It would be a dubious service to the genuine liberties protected by the Fourth Amendment to make them bedfellows with spurious liberties improvised by farfetched analogies which would liken eavesdropping on a conversation, with the connivance of one of the parties, to an unreasonable search or seizure." *On Lee* v. *United States,* 343 U.S. 747, 754, 96 L. Ed. 1270, 1276.

The cause is transferred to the Appellate Court, First District.

*Cause transferred.*