Robert Lowell **ROGERS**, Appellant,

v.

The **UNITED STATES** of America, Appellee.

Waldo Kent **FERGUSON**, Appellant,

v.

The **UNITED STATES** of America, Appellee.

Nos. 8218, 8217.

United States Court of Appeals
Tenth Circuit.

Dec. 5, 1966.

See also 10 Cir., 329 F.2d 923.

Richard D. Lamm, Denver, Colo., for Robert Lowell Rogers, appellant.

Leonard E. Davies, Denver, Colo., for Waldo Kent Ferguson, appellant.

Givens L. Adams, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, HICKEY, Circuit Judge, and BRATTON, District Judge.

BRATTON, District Judge.

Appellants bring this appeal from their conviction and sentence for the purchase and sale of narcotics [1] and conspiracy to

---

1. Ferguson was convicted on 8 counts and Rogers on 4 counts of violation of 26 U.S.C. Sections 4704(a) and 4705(a).

violate the narcotics laws.[2] This is the second time the case has been here. Defendants were indicted, tried and convicted in 1960, and upon appeal their conviction was affirmed. Ferguson v. United States, 10 Cir., 307 F.2d 787. Certiorari was granted by the Supreme Court, 374 U.S. 805, 83 S.Ct. 1698, 10 L.Ed.2d 1030, and upon Motion by the Solicitor General the case was remanded, 375 U.S. 962, 84 S.Ct. 479, 11 L.Ed.2d 413. The previous opinion of this Court was withdrawn and the Judgments were reversed with directions to grant new trials on the grounds that each defendant was denied the opportunity of nonrepititious cross-examination by his individual counsel. 329 F.2d 923. A new trial was had and this appeal followed.

The evidence showed that appellants on several occasions sold different types of narcotics, including dolophine and cocaine to a prostitute who was acting as a special employee of the Government for the purpose of obtaining evidence. A substantial portion of the evidence leading to the arrest and conviction of defendants consisted of recordings of telephone calls between the defendants and the special employee and another prostitute with whom she shared an apartment. The recordings were made by a tape recorder attached to an induction coil placed against a previously installed and normally used extension telephone in the apartment of the two women, all of which was with their consent, permission and cooperation. In addition to the telephone recordings the women testified as to the purchases, and the last one was witnessed by concealed Government agents. Subsequent to his arrest, Rogers' home was searched and cocaine was seized.

The defendants assert that the admission into evidence of the recordings of the telephone conversations between them and the Government witnesses constituted error. They maintain that the recordings were inadmissible as being obtained in violation of the Federal Communications Act, 47 U.S.C. Sec. 605,[3] and in violation of the defendants' rights under the Fourth and Fifth Amendments of the Constitution. Further that they constituted interrogation without benefit of counsel, under circumstances prohibited under Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

■ The objections of the defendants to the admissibility of the telephone conversations were considered and rejected by this court in its opinion on the previous appeal in this case. The reasons previously given by this court for its conclusion are found in the opinion published at 307 F.2d 787, and they are here reaffirmed. The recording of a telephone conversation made by placing an induction coil on a previously placed and regularly used extension telephone, all of which is done with the knowledge, consent and permission of the party using the other extension does not violate the Fourth or Fifth Amendments, nor is it prohibited by the Federal Communications Act. Other courts basing their conclusion on Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134, have reached the same conclusion. Lindsey v. United States, 9 Cir., 332 F.2d 688; Hall v. United States, 5 Cir., 308 F.2d 266; Broadus v. United States, 5 Cir., 317 F.2d 212; Mach v. United States, 5 Cir., 352 F.2d 85.

Appellants urge that Section 605 was designed to protect the integrity of the communications system, and that this purpose cannot be negated by consent of one of the parties. It is asserted that the use of an induction coil attached to a regularly installed and normally used ex-

---

2. Both defendants were convicted on one count of violation of 18 U.S.C. Section 371.

3. 47 U.S.C.A. § 605: " * * * and no person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person; * * *."

tension telephone is an interception imposed upon the communication system and violates the integrity protected by Section 605.

The induction coil is placed against the side of the telephone instrument and there is no physical connection with, or interruption of, the telephone electrical circuit. There is no distinction between holding out the handset and permitting an outsider to hear through the use of an induction coil, Carbo v. United States, 9 Cir., 314 F.2d 718, cert. den., 377 U.S. 953, 84 S.Ct. 1626, 12 L.Ed.2d 498, reh. den. 377 U.S. 1010, 84 S.Ct. 1903, 12 L.Ed.2d 1058.

■■ Defendants contend that under the law of Oklahoma the telephone recordings obtained by the state officers could not be admitted in a state criminal prosecution. Cameron v. State, Okl.Cr., 365 P. 2d 576. They assert that therefore this evidence should not be admitted in a federal court. The competency of evidence in criminal trials in federal courts is not controlled by state law. Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944.

■ Appellants' contention that the recording of the conversation constituted interrogation without benefit of counsel is without merit. The defendants were not in custody and there was no interrogation. One is not entitled to counsel while he is committing his crime. Garcia v. United States, 10 Cir., 364 F.2d 306. Further, *Escobedo* and *Miranda* are not retroactive. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

■ During the trial appellants tendered the testimony of the former husband of the special employee that she had told him she consented to the making of the telephone recordings only because Government agents had told her that if she did not cooperate they would take steps to have her children taken from her. She had previously testified that she had initiated the investigation by calling the agents, and that the installation of the recording equipment and the making of the recordings was with her full and voluntary consent.

■ The tender of this evidence came during the defendants' case. Prior to the trial the court had held an extended hearing on a motion to suppress the telephone recordings. The testimony of the husband contradicting the special employee had not been brought forward at that time. Whether the recordings were admissible was a matter of law. If the evidence was offered to show that the consent of the special employee to the making of the recordings was not voluntary so that they were inadmissible, it should have been offered prior to the time the recordings were admitted into evidence.

■■ The tendered evidence was not admissible for impeachment. The voluntariness of the consent of the special employee to the recording of the telephone conversations was not material to the substantive issues of whether the defendants illegally sold narcotics or were engaged in an illegal conspiracy to do so. Prior inconsistent statements of a witness may be shown only on a matter material to the substantive issues of the case. Yoder v. United States, 10 Cir., 71 F.2d 85; Bianchi v. United States, 8 Cir., 219 F.2d 182, cert. den., 349 U.S. 915, 75 S.Ct. 604, 99 L.Ed. 1249, reh. den. 349 U.S. 969, 75 S.Ct. 879, 99 L.Ed. 1290; United States v. Lester, 2 Cir., 248 F.2d 329.

Rogers asserts that the admission into evidence of the narcotics and narcotic paraphernalia which were obtained during a search without warrant of his home constituted error. Subsequent to the last sale in the case, Rogers was arrested in an automobile outside of the women's home. The agents and Rogers went directly to the United States Commissioner's office where he was arraigned, then to the police station for fingerprints, following which they drove to Rogers' home. He remained in the car with one of the agents and two others went to the door. Rogers' wife answered the door, promptly shut it and

when the agents heard a toilet flushing in the house they broke into the house and searched it without a warrant, recovering the evidence which was introduced.

At a hearing upon a motion to suppress the evidence the testimony of Rogers and the officers was contradictory as to whether Rogers voluntarily gave permission for a search of his house. The trial court believed the evidence of the officers. They testified that after being warned of his right to remain silent Rogers voluntarily disclosed to them where the narcotics and paraphernalia, which he claimed belonged to Ferguson, could be located in his home. Also that he voluntarily consented to their obtaining them from his home and requested that he accompany them but that they not tell his wife that he had told them where the narcotics were concealed. The narcotics and paraphernalia were found where Rogers had said they would be.

■ Whether consent has been given to a search is a question of fact and subject to the accepted limits of appellate review. McDonald v. United States, 10 Cir., 307 F.2d 272; Burge v. United States, 8 Cir., 332 F.2d 171; Anderson v. United States, 10 Cir., 344 F.2d 792.

■ However, where the search is patently unlawful without consent, and it is obtained under color of the badge, courts will indulge every reasonable presumption against the waiver of a fundamental constitutional right. Villano v. United States, 10 Cir., 310 F.2d 680; Cipres v. United States, 9 Cir., 343 F.2d 95; United States v. Marrese, 3 Cir., 336 F.2d 501.

■ The facts found by the trial court that in addition to his specific consent to the search, Rogers voluntarily revealed the location of the narcotics in his home and accompanied the officers for the purpose of assisting them, are persuasive. The Government sustained the burden of proving a waiver and consent given freely and intelligently and without duress or coercion.

Finding no reversible error in the trial of the cases the judgments are affirmed.