107 N.J. Super. 357 (1969)
258 A.2d 382
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ENRICO A. LICCIARDELLO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1969.
Decided November 10, 1969.
*358 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. Frank E. Vittori argued the cause for appellant (Messrs. Piarulli & Vittori, attorneys).
Mr. Carl C. Bowman, Assistant Prosecutor, argued the cause for respondent (Mr. Alvin E. Granite, Prosecutor, attorney).
PER CURIAM.
Defendant appeals from a judgment of conviction entered after a jury had found him guilty of bookmaking, N.J.S.A. 2A:112-3. As a result of police surveillance of defendant's activities over an extended period of time, they obtained a search warrant and conducted a search of his home. Defendant had locked himself in a small room at one end of the basement which was protected by a metal door. Upon their forced entrance into the room, the police noted a substantial volume of smoke and the odor of burning paper. They found none of the usual indicia of bookmaking or lottery but did find two telephones, a clock radio, and an off-on electric switch. The switch was in an off position and the telephones inoperative. One of the officers activated the switch, again tried the phones and found them still inoperative. This led the police to the garage where the terminal block for the telephones was located. An attempt to restore service at this point was also unsuccessful. The police traced the wires from the telephone pole to the garage where the wires entered at a point under the eaves. Upon breaking through the garage ceiling into the eight-foot space above, the police found a remote control relay switch hidden there. The incoming telephone wires were attached to that switch and from that point a wire ran down to and connected them with the terminal block. The police did not reactivate the switch; instead, they disconnected the wires leading from the telephone pole to the switch and attached their own head-set to the incoming wires. Service *359 having been restored, the police were able to receive incoming calls.
One of the detectives then followed the electric wires used in connection with the remote control relay switch. They led to the cellar of the home, with one wire connected to the power source and the other to an off-on switch which was located in the crawl space and concealed in a floor joist. This switch was connected with the off-on switch earlier found when the police entered the cellar room. The arrangement of these switches was interdependent; the two off-on switches were so connected that if one were discovered, phone service could not be restored unless the other was found and the two then turned on.
Defendant's appeal raises only one point. He argues that what the police did to receive his incoming telephone calls (which unmistakenly were related to the bookmaking activity) constituted an illegal wire tap under N.J.S.A. 2A:146-1, since repealed by L. 1968, c. 409, § 27, thereby rendering all evidence of the telephone calls inadmissible at his trial. N.J.S.A. 2A:146-1 read:
Any person who wilfully and maliciously:
a. Cuts, breaks, taps or makes any connection with a telegraph or telephone line, wire, cable or instrument belonging to any other person;

* * * * * * * *
is guilty of a misdemeanor.
From State v. Vanderhave, 47 N.J. Super. 483 (App. Div. 1957), affirmed sub nom., State v. Giardina, 27 N.J. 313 (1958), defendant gleans what he characterizes as the "mechanical test," i.e., that if the means of interception is a mechanical connection to the transmittal system, connection through a device which is not part and parcel of the transmission line as set up by the telephone company amounts to a wire tap and violates N.J.S.A. 2A:146-1. Since the police used a device not authorized by the phone company and not part and parcel of the system used by the sender *360 and the receiver, this, it is argued, constituted an illegal wire tap.
Had the police found the telephones in working order, they could legally have received any incoming telephone calls, and testimony relating to such calls would have been admissible against defendant. If defendant had not unauthorizedly broken into the phone system and installed cut-off switches, it is clear that the police would have used the phones found when they entered the basement room. What they did do was nothing more than to reinstate service by using their own telephone receivers. This, in our view, was not a "mechanical interference" by the police officers, who were lawfully on the premises. Cf. State v. Giardina, above.
The judgment of conviction is affirmed.