115 N.J. Super. 97 (1971)
278 A.2d 235
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANGELO VIZZINI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 3, 1971.
Decided June 7, 1971.
*98 Before Judges CONFORD, KOLOVSKY and CARTON.
Mr. Mario H. Volpe argued the cause for appellant.
Mr. Robert A. Farkas, Assistant Prosecutor, argued the cause for respondent (Mr. Bruce M. Schragger, Mercer County Prosecutor, attorney).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
Defendant appeals from convictions for permitting his premises to be used for the conduct of a business of lottery (N.J.S.A. 2A:121-3(c)) and for working for a lottery (N.J.S.A. 2A:121-3(a)), and from the sentences imposed.
The uncontradicted proofs established that State Police detectives, armed with a search warrant, entered defendant's home, descended a stairway leading to the cellar and found a doorway leading to a room. The door was locked. The police heard a voice in the room but the occupant ignored the officer's request that the door be opened. Efforts of the police to knock the door down by use of a sledge hammer were unsuccessful. The door was finally opened from the inside by defendant.
The room contained, among other things, a table and chairs, two telephones on a table and water-soluble papers. The telephone rang two or three times. Detective Castellano than attached the suction cup of an induction coil to the back of the receiver of the telephone and inserted the *99 other end of the induction coil into the microphone jack of a tape recorder which the police had brought with them.
During the ensuing half-hour, a number of telephone calls were received by the detective. Castellano's conversations with the callers, ten of whom placed a total of 45 bets amounting to $178.05, were recorded on the tape recorder.
When Detective Castellano testified at the trial, the court, over defendant's objection, permitted the jury to hear the tape recording of the telephone conversations between the detective and the callers.
Defendant argues that the attachment of the coil and the recording of the telephone conversations violated the federal act prohibiting the interception of telephone calls, 18 U.S.C.A. § 2511, as well as this State's "wire tap statute," N.J.S.A. 2A:146-1 (since repealed by L. 1968, c. 409, § 27), and therefore the tape recording should not have been admitted into evidence. Cf. Lee v. Florida, 392 U.S. 378, 88 S.Ct. 2096, 20 L.Ed.2d 1166 (1968).
The argument lacks merit. What Detective Castellano did in answering the phone and in recording the conversations violated neither the federal nor the state statute.
Defendant contends that Castellano violated so much of 18 U.S.C.A. § 2511 as provides that:
(1) Except as otherwise specifically provided in this chapter any person who 
(a) willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire or oral communication; * * *
shall be fined not more than $10,000 or imprisoned not more than five years or both.
The contention ignores however that "intercept" as used in the federal act means "the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C.A. § 2510(4).
Castellano's acquisition of the contents of the telephonic communications resulted from his answering the telephone *100 when it rang, not "through the use of any electronic, mechanical or other device."
In answering the telephone when it rang, he did not "intercept" the telephone calls in violation of the federal act. See Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957); State v. Carbone, 38 N.J. 19, 26 (1962), and cases cited therein.
In State v. Carbone, supra, defendant contended that a police officer who answered a telephone call at the time of a gambling raid intercepted the telephone call and thus violated section 605 of the Federal Communication Act. (That section, 47 U.S.C.A. § 605, as it read prior to its amendment by the Omnibus Crime Control and Safe Streets Act of 1968, was comparable to 18 U.S.C.A. § 2511.) In rejecting the contention the court said:
In [Rathbun v. United States, the United States Supreme Court] held that the statute was not violated when a party to the call arranged for a third person to listen in on a regular extension line and did so without the consent of the other party to the conversation. Thus one who uses the telephone is not assured that his messages will reach only the ears for which he meant them. So long as the physical integrity of the established line is not violated, there is no interception within the meaning of section 605.
In the case before us, there was no tampering with the established means of communication. Indeed the officer was the immediate party to the call. The bettor intended his words to reach the officer, albeit the bettor thought he was soneone else. Thus the officer did not "intercept" a message while it was en route to another; there was no other on the line.
Testimony by officers as to telephone calls received by them at the time of a raid is quite commonplace. Surprisingly there are few cases considering the applicability of section 605. They do, however, unanimously hold there is no interception within section 605 or comparable state statutes. [38 N.J. at 26]
Nor did Castellano's answering the telephone and his subsequent disclosure of the contents of the telephone conversations violate this State's "wire tap statute," N.J.S.A. 2A:146-1, since there was no mechanical interference with the telephone line. State v. Vanderhave, 47 N.J. Super. 483, 490 (App. Div. 1957), aff'd sub nom. State v. Giardina, 27 *101 N.J. 313 (1958); State v. Tamburello, 69 N.J. Super. 166, 170-171 (App. Div. 1961); State v. Licciardello, 107 N.J. Super. 357 (App. Div. 1969), certif. den. 55 N.J. 166 (1969).
The cited cases make it clear that Castellano could legally receive the incoming telephone calls and as a party thereto testify at the trial as to their nature and contents. "Testimony by officers as to telephone calls received by them at the time of a raid is quite commonplace." Carbone, supra, 38 N.J. at 26.
That being so, there was nothing illegal or improper in Castellano's recording the conversations between himself and the callers nor in the admission of those recordings into evidence. Cf. Lopez v. United States, 373 U.S. 427, 437, 83 S.Ct. 1381, 1387, 10 L.Ed.2d 462 (1963); People v. Wolfson, 34 Ill.2d 585, 217 N.E.2d 791, 793 (Sup. Ct. 1966); see also United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 1126-1127, 28 L.Ed.2d 453 (1971); ABA Project on Minimum Standards for Criminal Justice: Standards Relating to Electronic Surveillance § 4.1 (final draft 1971).
Apposite are the views expressed by the United States Supreme Court in Lopez v. United States, supra, in rejecting a contention that it was error to admit into evidence a tape recording of a conversation between defendant Lopez and an internal revenue agent Davis. The record had been made on a pocket wire recorder which Davis had with him at the time he was offered a bribe by defendant. The court said:
Once it is plain that Davis could properly testify about his conversation with Lopez, the constitutional claim relating to the recording of that conversation emerges in proper perspective.

* * * * * * * *
* * * this case involves no "eavesdropping" whatever in any proper sense of that term. The Government did not use an electronic device to listen in on conversations it could not otherwise have heard. Instead, the device was used only to obtain the most reliable evidence possible of a conversation in which the Government's own agent was a participant and which that agent was fully entitled to disclose. And the device was not planted by means of an unlawful physical invasion of petitioner's premises under circumstances which would violate the *102 Fourth Amendment. It was carried in and out by an agent who was there with petitioner's assent, and it neither saw nor heard more than the agent himself.
The case is thus quite similar to Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134, in which we sustained against statutory attack the admission in evidence of the testimony of a policeman as to a conversation he overheard on an extension telephone with the consent of a party to the conversation. The present case, if anything, is even clearer, since in Rathbun it was conceded by all concerned "that either party may record the conversation and publish it." 355 U.S. at 110, 78 S.Ct. at 163 (Emphasis added.)
Stripped to its essentials, petitioner's argument amounts to saying that he has a constitutional right to rely on possible flaws in the agent's memory, or to challenge the agent's credibility without being beset by corroborating evidence that is not susceptible of impeachment. For no other argument can justify excluding an accurate version of a conversation that the agent could testify to from memory. [373 U.S. at 438-439, 83 S.Ct. at 1387-88. emphasis added]
Finally, it should be noted that even if Castellano's recording of the telephone conversations to which he was a party were to be deemed "interceptions" thereof within the meaning of the federal statutes, still such recordings would not be unlawful since 18 U.S.C.A. § 2511 (2) (c) provides:
It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.
Defendant's only other contention on appeal is that the sentences imposed were unduly harsh. We conclude from our review of the trial record and of the presentence report that there is no reason to interfere with the trial court's determination as to the sentences to be imposed.
The judgments are affirmed.