Harold Gene **WILLIAMS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17248.

Court of Criminal Appeals of Oklahoma.

March 1, 1973.

Rehearing Denied April 3, 1973.

Everett Collins, Sapulpa, for appellant.

Larry Derryberry, Atty. Gen., Paul Crow, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Harold Gene Williams, hereinafter referred to as the defendant, was convicted in District Court of Tulsa County, Case No. CRF–69–1069, of Manslaughter in the First Degree and sentenced to a term of imprisonment of not less than twenty-five (25) years nor more than seventy-five (75) years. Judgment and sentence was imposed on November 4, 1969, and this appeal perfected therefrom.

On appeal the single issue urged is that the trial court erred in admitting into evidence over objection a tape recording which defendant contends violates Title 3 of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520. The defendant contends that under this Federal Act "electronic eavesdropping is no longer permitted" and that the tape recording in question was unlawfully obtained and therefore inadmissible.

The defendant was convicted of shooting Clarence Jimmy Brian, Jr., with a pistol on July 11, 1969, as a result of which Brian died. Relevant to our inquiry the evidence establishes that Martin Bean, Manager of the Holiday Motel, Sand Springs, Tulsa County, Oklahoma, was working in the motel office on July 10, 1969. Room 5 of the motel was rented to Clarence Jimmy Brian, Jr., the deceased, between the hours of noon and 4:00 P.M. Although several people entered the room from time to time, the only person registered was Brian. There had been some commotion involving Room 5 and its occupants during the day. At approximately 11:30 P.M. a blue car returned to the motel with three men who entered Room 5. After their arrival, the motel office telephone switchboard buzzer and light indicated a telephone call to the office from Room 5. Mr. Bean answered the telephone with the inquiry "Can I help you?", but received no response.

However, the telephone in Room 5 was open to the switchboard with the receiver off the hook and Mr. Bean could hear a "very loud disturbance" in the room including "cussing and fighting and calling each other names." Mr. Bean could not get anyone to answer the telephone, but the connection remained open. Mr. Bean then made a tape recording at the telephone switchboard of the conversations and sounds from the room as they were received over the telephone from Room 5. It is this tape recording which the defendant contends was an unlawful electronic surveillance which is inadmissible under the Federal Act. 18 U.S.C. § 2510 et seq.

The Fourth Amendment prohibition against unreasonable search and seizure prohibits the use of evidence obtained from a defendant through an unlawful search. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Because the Amendment now affords protection against the uninvited ear, oral statements, if illegally overheard, and their fruits are also subject to suppression. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L. Ed.2d 576 (1967). Furthermore, the Congress has, as defendant urges, enacted a comprehensive statute under which official eavesdropping and wire tapping are permitted only with probable cause and a warrant and makes unauthorized electronic surveillance a serious crime. 18 U.S.C. § 2510 et seq. Under the Act whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received as evidence in any trial, hearing, or other proceeding in any court of the United States, any State, or any political subdivision thereof if disclosure would be in violation of the Act.

18 U.S.C. § 2515. Specifically 18 U.S.C. § 2518(10)(a) provides: "Any aggrieved person in any trial, hearing, or proceeding in or before any court . . . of the United States, a State, or a political subdivision thereof, may move to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom, on the grounds that—

(i) the communication was unlawfully intercepted . . .".

■ However, in the instant case we find that defendant's contention of inadmissibility fails because the defendant has not sustained his burden to show there was an unlawful intercept as such.

Under the Federal Act any aggrieved person may move to suppress the contents of an intercepted wire or oral communication if it was intercepted unlawfully. 18 U.S.C. § 2518(10)(a). The Act further provides that " 'intercept' means the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4).

Under the facts in the instant case the defendant has not shown that the tape recording in question was the result of an "intercept". In the instant case there was no tap on the line or interference with the normal telephone lines. When the switchboard indicated the telephone call from Room 5, the telephone was answered. That end of the conversation was then recorded. The motel manager, Mr. Bean, merely recorded that which he, as the proper party to the telephone line, could hear.

In Rogers v. United States, 369 F.2d 944 (10th Cir. 1966), the court held:

"The recording of a telephone conversation made by placing an induction coil on a previously placed and regularly used extension telephone, all of which is done with the knowledge, consent and permission of the party using the other extension does not violate the Fourth or Fifth Amendments, nor is it prohibited by the Federal Communications Act. Other courts basing their conclusion on Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134, have reached the same conclusion. Lindsey v. United States, 9 Cir., 332 F.2d 688; Hall v. United States, 5 Cir., 308 F.2d 266; Broadus v. United States, 5 Cir., 317 F.2d 212; Mach v. United States, 5 Cir., 352 F.2d 85.

\*    \*    \*    \*    \*    \*

"The induction coil is placed against the side of the telephone instrument and there is no physical connection with, or interruption of, the telephone electrical circuit. There is no distinction between holding out the handset and permitting an outsider to hear through the use of an induction coil, Carbo v. United States, 9 Cr., 314 F.2d 718 . . ." 369 F.2d at 946, 947.

The Federal Act, specifically 18 U.S.C. § 2510(4), was interpreted in State v. Vizzini, 115 N.J.Super. 97, 278 A.2d 235 (1971) where the Court found that there was no intercept. In that case the telephone rang two or three times when an officer then attached a suction cup of an induction coil to the back of the receiver of the telephone and inserted the other end of the induction coil into the microphone jack of the tape recorder. The officer then made a tape recording of the conversation as he received it at his end of the telephone line. The Court found that the officer "in answering the phone and in recording the conversation violated neither the federal nor the state statute" since the officer's "acquisition of the contents of the telephonic communication resulted from his answering the telephone when it rang, not 'through the use of any electronic, mechanical or other device.' " 278 A.2d at 237. The Court observed that there was no intercept "since there was no mechanical in-

terference with the telephone line." The Court relied upon the Supreme Court's decision in Rathbun v. United States, 355 U. S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957) in concluding that, "in answering the telephone when it rang, he did not 'intercept' the telephone calls in violation of the federal act." In so holding the Court noted the decision in State v. Carbone, 38 N.J. 19, 183 A.2d 1 (1962) which held: "Thus one who uses the telephone is not assured that his messages will reach only the ears for which he meant them. So long as the physical integrity of the established line is not violated, there is no interception . . ." 183 A.2d at 4.

We therefore conclude, as have other courts, that where there was no mechanical interference with the telephone line, and no violation of the physical integrity of the line, there was nothing illegal or improper in the party to one end of the telephone conversation recording the conversation.

We therefore find defendant's contention that the tape recording was inadmissible as a violation of the Federal Act prohibiting the interception of telephone calls to be without merit. Finding the single contention of the defendant to be without merit we conclude the judgment of conviction should be affirmed.

However, in the second phase of the trial after a finding of guilt, the trial court advised the jury of prison "good time" credits and other statutory deductions allowed inmates of the penitentiary under 57 O.S.1971, § 138. Such an instruction is error requiring modification of the sentence. Williams v. State, Okl.Cr., 461 P.2d 997 (1969). Accordingly, the term of imprisonment is hereby modified to not less than twenty (20) years nor more than sixty (60) years, and as so modified the judgment and sentence is hereby affirmed.

BLISS, P. J., and BUSSEY, J., concur.