**Richard CUNNINGHAM, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–376.**

Court of Criminal Appeals of Oklahoma.

Sept. 5, 1979.

**338**

C. Rabon Martin, Baker, Baker & Martin, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Timothy S. Frets, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

On November 28, 1977, the appellant, Richard Cunningham, was convicted by a jury of the offense of Conspiracy to Possess Marihuana With the Intent to Distribute. The trial was conducted in the District Court, Alfalfa County, Oklahoma, the Honorable Ray Dean Linder, Associate District Judge, presiding. On January 11, 1978, the appellant was sentenced to a term of seven (7) years' incarceration in the State penitentiary and fined Five Hundred Dollars ($500.00). The appellant is presently free on a $10,000.00 appeal bond. This Court affirms the judgment and sentence for the following reasons.

In the summer of 1976, Deputy Max Hazard, of the Alfalfa County Sheriff's Department, was assigned to work with an informant in relation to drug traffic in Alfalfa County. Specifically, Deputy Hazard was to keep surveillance on the informant who was to purchase narcotics and drugs from criminal elements in the county. On August 23, 1976, Deputy Hazard attached a recording device to a telephone in the informant's residence. The informant then made telephone calls to the appellant and one of the co-defendants in the case. This same procedure was followed on August 24, 1976. These recordings were played to the jury at trial over the objections of the appellant. The content of the conversations disclosed that the appellant frequently dealt in narcotics and drugs and obtained them through a supplier in El Paso, Texas. The conversation admitted into evidence at trial further revealed that the appellant agreed to examine and, if the quality was good, purchase 50 pounds of a 100 pound shipment of marihuana to be delivered from El Paso on a future date.

On September 10, 1976, the 100 pounds of marihuana was delivered to the home of one Jimmy K. Siler in Alfalfa County. From the evidence introduced at trial, it appears that the appellant examined the marihuana, smoked one sample cigarette, and then told other parties who were present to take one-half of the marihuana into the residence at that location. That evening, a search warrant was issued, ordering a search of the Siler house. This warrant was issued by the Honorable F. B. H. Spellman, who was appointed Associate District Judge of Alfalfa County on January 15, 1971, by the Chief Justice of the Oklahoma Supreme Court. Judge Spellman at the time of his appointment and since, has been a resident of Woods County. The warrant was issued in Woods County to be

served in Alfalfa County. On September 11, 1976, at approximately 5:00 a. m. to 5:30 a. m., the search warrant was served and the marihuana was seized. The information was filed in the Alfalfa District Court on December 13, 1976.

 A preliminary hearing was conducted on June 23, 1977, in the Alfalfa County District Court, Judge Spellman presiding. The appellant's first assignment of error is that Judge Spellman was not a properly appointed judge of the Alfalfa County District Court and, therefore, had no authority either to issue the search warrant or to preside at the preliminary hearing. The appellant states in his reply brief that a motion to disqualify Judge Spellman was filed prior to the preliminary hearing. Our examination of the record filed with this Court on July 11, 1978, and the court minutes, fails to substantiate this claim. It is the responsibility of the defense attorney to preserve grounds for reversal in the record and failure to do so will generally be fatal to an appeal. See *Griffin v. State*, Okl.Cr., 453 P.2d 278 (1969); *West v. State*, Okl.Cr., 433 P.2d 850 (1967); *Fields v. State*, Okl.Cr., 364 P.2d 723 (1961). This Court will not assume facts not in the record and must conclude that no such motion was filed, and that the issue is raised for the first time on appeal.

Whether or not the appellant's contention would have been valid if it had been timely raised, both this Court and the Oklahoma Supreme Court have held on numerous occasions that the acts of a de facto judge have the same status as the acts of a de jure judge. See *Bennett v. State*, Okl.Cr., 448 P.2d 253 (1968); *Cox v. State*, 89 Okl.Cr. 256, 206 P.2d 1005 (1949); *Morgan v. State*, 66 Okl.Cr. 205, 90 P.2d 683 (1939); *Sheldon v. Green*, 182 Okl. 208, 77 P.2d 114 (1938); *Oklahoma Transp. Co. v. Lewis*, 177 Okl. 106, 58 P.2d 128 (1936); *Layne v. State*, 23 Okl.Cr. 36, 212 P. 328 (1923). The appellant's first assignment of error is without merit since the issues presented were not timely raised in the court below.

 The appellant's second assertion of error is that the search warrant was issued in Woods County to be served in Alfalfa County. The defendant contends that this is a violation of 22 O.S.1971, § 1225, which reads:

"If the magistrate be thereupon satisfied of the existence of grounds of the application, or that there is probable cause to believe their existence, he must issue a search warrant, signed by him, with his name of office, to a peace officer *in his county*, commanding him forthwith to search the person or place named, for the property specified, and to bring it before the magistrate, and also to arrest the person in whose possession the same may be found, to be dealt with according to law." (Emphasis added)

The defendant cites *Bohannon v. State*, 66 Okl.Cr. 190, 90 P.2d 675 (1939), for the proposition that a retired judge of one county, who has been temporarily appointed to serve as an Associate District Judge in another county, is without authority to issue a search warrant for service outside the county where he resides even when said appointment was to serve in the county where the warrant was to be served. The defendant concedes in his reply brief, however, that the statute may as readily be construed to mean that a judge shall only issue search warrants for service in the county where he presides, not that in which he resides. We opt for that construction allowing any District Judge, Associate District Judge, or Special Judge, to issue search warrants to be served any place in the judicial district where such judge may be presiding at the time. This construction is consistent with the fact that a District Judge's authority to act as a magistrate is coextensive with the boundaries of the Judicial District in which he sits, whereas the jurisdiction of a justice of the peace was only co-extensive with the county. See *Bohannon v. State*, supra.

In *Wagner v. State*, 72 Okl.Cr. 393, 117 P.2d 162, 167, 168 (1941), this Court stated:

"While we have strictly construed the terms of the statute as applied to search warrants, we are of the opinion that there should not be a technical construc-

tion of the statute which would defeat the ends of justice and permit the guilty to escape through technicalities."

■ We take this statement to mean that where a statute is intended to protect a person's immunity from unreasonable searches and seizures by providing that a search warrant shall only issue upon a determination by an impartial magistrate that probable cause exists, this Court will not give the statute a technical construction establishing requisites unrelated to the purpose of the statute.

■ The appellant's third assignment of error is that the trial court erred in admitting the taped conversations into evidence. In connection with this assertion, the appellant has made several accusations imputing bad faith on the prosecuting attorney of Alfalfa County and intentional illegal conduct on the part of Deputy Hazard. We find these accusations extremely speculative and highly conclusory and note that at no time were these accusations made in the lower court. The record is void of even an iota of evidence to support the defendant's accusations. The resolution of this assignment of error must therefore be determined on the defendant's sole assertion that the recordings were made in contravention of the holding of this Court in *Cameron v. State*, Okl.Cr., 365 P.2d 576 (1961).

■ In his brief, the appellant concedes both that *Cameron* was overruled by *Pearson v. State*, Okl.Cr., 556 P.2d 1025 (1976), and that *Pearson* is correctly decided. The appellant relies solely on the fact that the recordings in this case were made prior to the *Pearson* decision and, therefore, *Cameron* must control this case. This argument, however, fails to take cognizance of the case of *Williams v. State*, Okl.Cr., 507 P.2d 1339 (1973), where this Court upheld the admission of recorded telephone conversations and referred to *Rogers v. United States*, 369 F.2d 944 (10th Cir. 1966), where it was held that placing an induction coil on a telephone receiver via a suction cup is not an illegal seizure of an oral communication, where it is done by or with the consent of

one of the parties to the telephone conversation. We hold that *Williams* is controlling in the present case.

■ For the purpose of brevity, the appellant's fourth and fifth assertions of error will be disposed of simultaneously. The appellant asserts that a sentence of seven years for a conviction of Conspiracy to Possess Marihuana With the Intent to Distribute under 63 O.S.1971, § 2–408, is constitutionally infirm since 21 O.S.1971, § 421, provides for a two year maximum sentence for conviction of a conspiracy to commit other felonies. The appellant specifically notes that under 21 O.S.1971, § 421, a conspiracy to commit murder would only be punishable by a maximum sentence of two years. The appellant further contends that the sentence was excessive because "marihuana is just not all that bad." The sole authority cited for these assertions by the appellant is the President's Commission on Marihuana and Drug Abuse, rendered in 1972.

The United States Supreme Court has indicated on numerous occasions that a state legislature has wide discretion in determining what act will constitute a crime and what punishment should be imposed; and the Court has said that nothing in the United States Constitution requires a state to impose any particular penalty for a crime or proportionate sentences for separate and independent crimes. *Williams v. Oklahoma*, 358 U.S. 576, 586, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959).

In *Harris v. State*, 74 Okl.Cr. 13, 122 P.2d 401 (1942), this Court stated that classifications of criminal offenses must be reasonably related to the object of the legislative enactment and that this Court will not interfere with legislative discretion unless the sentence imposed is clearly and manifestly cruel and unreasonable. In *Black v. State*, Okl.Cr., 509 P.2d 941 (1973), this Court held that the imposition of a more severe punishment for narcotics and drug offenses is reasonably related to the State objective of

preventing the large-scale involvement of juveniles in such illegal conduct.[1]

We hold that the sentence imposed under 63 O.S.1971, § 2–408, is not clearly and manifestly unjust, and since the sentence imposed on the appellant was within the sanctions prescribed by the statute the appellant's assertion of unequal treatment under the state and federal constitutions is not supported by the prior decisions of this Court or the United States Supreme Court.

The judgment and sentence is *AFFIRMED.*

CORNISH, P. J., and BUSSEY, J., concur.

---

1. While this writer filed a dissent to *Black v. State,* supra, that dissent went to the proposition that the trial court lacked jurisdiction to suspend a sentence notwithstanding the legislative prohibition. I do not quibble with the foregoing statement taken from *Lathem v. United States,* 259 F.2d 393 (5th Cir. 1958), which was cited in *Black,* supra.