714 A.2d 326 (1998)
314 N.J. Super. 124
STATE of New Jersey, Plaintiff-Appellant,
v.
Frank A. VANDEVER, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted June 24, 1998.
Decided June 24, 1998.
*327 William H. Schmidt, Bergen County Prosecutor, for plaintiff-appellant (Danielle R. Grootenboer, Assistant Prosecutor, on the brief).
Ivelisse Torres, Public Defender, for defendant-respondent (Mark P. McAuliffe, Designated Counsel, on the brief).
Before Judges PETRELLA and DREIER.
The opinion of the court was delivered by PETRELLA, P.J.A.D.
The State appeals on leave granted from an order granting defendant's pretrial motion to exclude the tape recording and transcription of defendant Frank A. Vandever's confession. We granted the State's emergent application and reversed.[1]
Defendant Vandever was indicted in March 1992 on five counts of armed robbery (N.J.S.A. 2C:15-1); two counts of possession of a knife for an unlawful purpose (N.J.S.A. 2C:39-4d); and two counts of possession of a weapon under circumstances not manifestly appropriate for such lawful uses as it may have (N.J.S.A. 2C:39-5d). Vandever failed to appear for his scheduled arraignment on April 10, 1992, and a bench warrant was issued for his arrest. The warrant was thereafter sent to the Cheshire Correctional Facility in Connecticut where Vandever was incarcerated.
The events leading up to the New Jersey indictment began on December 31, 1991, when defendant and Ronald Rutan[2] escaped from the Osborn Correctional Facility in Connecticut. On January 1, 1992, the escapees broke into an office building in Connecticut and Vandever ordered a cleaning crew person to give him the keys to his vehicle. Vandever and Rutan tied up the cleaning crew and stole the vehicle.
On January 7, 1992, the convicts checked into a hotel in New York and registered under false names. On that day, both men failed in an attempt, with a knife and fake gun, to rob a jewelry store in New Jersey when the owner pulled the alarm. Later that day Rutan robbed a 7-11 store in Montvale, New Jersey. On January 9, 1992, he robbed a 7-11 in Waldwick, New Jersey. Vandever was not seen inside either convenience store and was not identified by any witness in connection with those robberies, although he apparently discussed them during the taped interrogation.
On January 15, 1992, the Connecticut State Police and the New York State police surrounded the hotel and captured Rutan and seized the stolen vehicle. Vandever escaped but was captured on January 18, 1992, in New Jersey.
*328 After being read his Miranda[3] rights, Vandever initialed the form. Vandever then gave a statement to the police detective in which he admitted that he, along with Rutan, robbed four 7-11 stores in New Jersey. Upon hearing this information, the detective exited the room and placed a micro-cassette recorder in his pocket before returning to the interview room and turning on the recorder. The detective did not tell Vandever that he was taping the conversation and Vandever again admitted to the robberies.
At the pretrial Miranda hearing the detective testified that the tape recording accurately reflected his conversation with the defendant and that the transcription was an accurate reflection of the tape recording. The trial judge found that Vandever had been fully apprised of his Miranda rights and voluntarily waived them. Thus, the judge ruled that the police officers could testify as to what Vandever told them. However, the judge also ruled that neither the tape recording of Vandever's confession nor the transcription of the tape would be admissible into evidence because the detective did not inform Vandever that he was recording the conversation; the tape recording did not contain a complete recording of Vandever's confession; and it encompassed other communications regarding Vandever's other crimes and incarceration in Connecticut that were prejudicial to him.
The tape recording of the interrogation of Vandever, even though not from the beginning of the interrogation, was done by a participant in that interrogation. There is no requirement that a defendant who has properly been given Miranda warnings must also be told he is or simultaneously may be tape-recorded or video-recorded, or both. For example, a suspect who is videotaped by a surveillance camera on a street, in a building, or even from a camera in a police car need not be told he is being so recorded while talking to a police officer in a situation where a Miranda warning is required. See Berkemer v. McCarty, 468 U.S. 420, 437, 104 S.Ct. 3138, 3148-3149, 82 L. Ed.2d 317, 333 (1984) (strict enforcement of Miranda applies "only in those types of situations in which the concerns that powered the decision are implicated"); see State v. Clausell, 121 N.J. 298, 354-355, 580 A.2d 221 (1990). Moreover, the undisclosed tape-recording of the confession would not violate N.J.S.A. 2A:156A-1 et seq., the "New Jersey Wiretapping and Electronic Surveillance Control Act," and indeed is specifically excepted therefrom by subsection 4b. See also 18 U.S.C.A. § 2511(2)(c).
There was no eavesdropping involved, whether or not the taping was surreptitious, because it was done by a participant. See United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L. Ed.2d 453 (1971) (eavesdropping not involved where government agent was participant and free to testify as to what he heard; tape preserves credibility); State v. Reid, 394 N.W.2d 399, 404-405 (Iowa 1986) (tape recorded telephone conversation with ten year old complaining witness admissible, as was police videotape of defendant's confession made during interrogation by officer).
In a related area that involves actual wiretaps, the recording of a conversation by one who is a party to it has withstood legal challenge. See, generally, on admissibility of consensual interceptions State v. Parisi, 181 N.J.Super. 117, 120, 436 A.2d 948 (App.Div. 1981) (consensual interception of communication does not violate wiretap statute); State v. Anepete, 145 N.J.Super. 22, 25-26, 366 A.2d 996 (App.Div.1976) (party carrying tape-recorder had consented to recording his conversation with defendant); State v. McCartin, 135 N.J.Super. 81, 87-89, 342 A.2d 591 (Law Div.1975) (inadvertent interception by private citizen on malfunctioning telephone and brought to attention of police). See also State v. Galloway, 133 N.J. 631, 655, 628 A.2d 735 (1993) (deceptions, standing alone, do not render a confession inadmissible).
The fact that the tape recorder was not used at the start of the interrogation, and thus the initial portions of the conversation may not have been recorded, may go to weight and probative value of the evidence. In any event, the tape and the transcript obviously affect the credibility of the testimony *329 of the witnesses. Indeed, such a tape and transcript might well be used on cross-examination if the defense was a denial of the content or accuracy of the tape.
We reverse the judge's order denying admissibility of the tape recording and transcript and remand for further proceedings consistent with our decision, without prejudice to the trial court revisiting the subject with respect to any claim that the content of the tape recorded interrogation is inaccurate or contradicts what was not recorded. Insofar as irrelevant information or other crimes information, see N.J.R.E. 404(b), may be involved which should be eliminated under N.J.R.E. 403, the tape and transcript may be redacted. Our determination is also without prejudice to any consideration of the audibility or quality of the tape and/or transcript.
NOTES
[1] This opinion is an amplification of the reasons stated in our written order of this date.
[2] Codefendant Ronald Rutan was also indicted for connection with the New Jersey armed robberies, but he is not involved in this appeal.
[3] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).