98 N.J. Super. 502 (1968)
237 A.2d 887
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GWENDOLYN HARRIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 2, 1968.
Decided January 16, 1968.
*503 Before Judges KILKENNY, CARTON and ROSEN.
Mr. Harold J. Ruvolt, Jr. for appellant (Messrs. Ruvolt & Ruvolt, attorneys).
Mr. James G. Lepis, Assistant Prosecutor, for respondent (Mr. James A. Tumulty, Jr., Prosecutor of Hudson County, attorney).
PER CURIAM.
Pursuant to leave granted, defendant appeals from an order denying her motion to suppress evidence seized by the Jersey City police following a search of defendant's apartment under a search warrant. The police found 19 envelopes of marijuana, 31 disposable needles, a syringe and a small cup with a quantity of marijuana in it, as well as some butt ends of marijuana cigarettes.
Defendant was charged in the municipal court with possession of a hypodermic needle and a narcotic drug. She made a motion pursuant to R.R. 3:2A-9 to compel the production of the affidavits upon which the warrant had been issued. The State was unable to produce a warrant or the *504 affidavit. They had not been filed in the office of the County Clerk as required by R.R. 3:2A-5, but had been lost while in the custody of the police in the course of transmittal between departments.
The trial judge, upon the hearing of the motion to suppress the evidence, heard the testimony of the magistrate who issued the warrant and that of the police officer who prepared and signed the affidavit in the presence of the magistrate at the latter's home on the evening of the raid. There is no dispute that a copy of the warrant was served on defendant. Testimony was also taken of another police officer who had been present at the magistrate's home when the warrant was issued. The testimony of these witnesses established the fact that a warrant was issued and the contents of the warrant and the supporting affidavit.
Defendant's first point is that the failure of the State to file the affidavit upon which the warrant was issued, as required by R.R. 3:2A-5, invalidated the search and "tainted" the items seized. We find this contention devoid of merit. Defendant has sustained no prejudice by the failure to file the affidavit. The contents of the affidavit were established in considerable detail by the testimony of the issuing magistrate and the police officers.
Defendant suggests that the deficiencies in the affidavit might have been cured by this testimony deliberately concocted after the event. This, of course, could have occurred, but we may not assume, and there is no basis here for assuming, that the magistrate and the police officers testified falsely. Even when the transcript of a trial cannot be produced because the reporter's notes have been lost or destroyed, reconstruction of the evidence is permitted.
The rule requiring the filing of the affidavit is directory only. It was adopted in order to facilitate the administration of justice. It may not be used to frustrate that objective. The failure to comply with that rule does not automatically result in the invalidity of an affidavit or a warrant otherwise lawful. A wrongdoer should not benefit *505 by the suppression of incriminating evidence simply because those documents have been lost.
Nor do we agree with defendant's contention that the failure of the State to keep secret the fact of the search made the seized items "tainted." Allowing a newspaper reporter and a photographer at the scene of the execution of the warrant, and while it was in progress, may well be a breach of proprieties and, if established, may render liable those responsible for such breach. There was no proof of any misconduct which would render the warrant invalid.
Defendant's final point is that the testimony, as reconstructed, was insufficient to establish "probable cause." On the contrary, there was full compliance with the constitutional guarantee against unlawful search and seizure. The evidence before the court was to the effect that the affidavit contained a description of the premises as a two-story frame building, located at a designated street number of a named street; that the building was occupied by a colored female known as Gwen, "in her twenties, small build"; that a surveillance had been made of the premises by one of the testifying officers and other police officers for five days to a week immediately preceding the issuance of the warrant, and that numerous persons were observed coming to the house at various times of the day and night. The testimony further revealed that when these individuals knocked on the window of defendant's apartment, she would raise the shade, look at the individual and then leave the window and return immediately thereafter. On these occasions she would open the window and exchange a small manila envelope for currency. During the surveillance one of the officers recognized five known narcotics violators at the premises, two of whom went into the premises and three knocked at the window and appeared to be exchanging money for envelopes. In our view, this was more than sufficient to justify the issuance of the warrant.
Affirmed.