115 N.J. Super. 231 (1971)
279 A.2d 114
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ROBERT A. STOLZMAN AND ROY CORBIN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1971.
Decided June 23, 1971.
*233 Before Judges KILKENNY, HALPERN and LANE.
Mr. Adam H. Lawrence, Assistant Bergen County Prosecutor, argued the cause for appellant (Mr. George F. Kugler, Jr., Attorney General, attorney; Mr. Frank L. Holstein, Assistant Bergen County Prosecutor, on the brief).
Mr. Herbert S. Alterman argued the cause for respondent Robert A. Stolzman.
Mr. Arthur Minuskin argued the cause for respondent Roy Corbin.
The opinion of the court was delivered by LANE, J.A.D.
The State upon leave granted appeals from an order granting motions of the defendants to suppress evidence seized as a result of a search under a search warrant. Before the motions were heard, defendants obtained an order directing the State to make available to them in accordance with the provisions of R. 3:5-6 "the search warrant issued by the Municipal Court of Teaneck, New Jersey and dated May 14, 1970, for premises known as Linden Court, 8A 2, Teaneck, New Jersey, together with the supporting affidavits and testimony." In response to that order, defendants received copies of what was on file: the search warrant, the return with inventory and the affidavit of Detective Anthony V. Scolpino.
The warrant stated that it was based on "Complaint on oath and in writing having been made before me, one of the Judges of the Municipal Court of Township of Teaneck on *234 this day by Det. Anthony V. Scolpino." There was no indication on the face of the warrant or in the papers on file that the warrant was based on anything other than the affidavit of Detective Scolpino.
At the hearing on the motions to suppress and at the argument before us, the State conceded that the affidavit was insufficient to justify the issuance of the warrant. The trial judge made specific findings as to the insufficiency of the affidavit with which we agree.
The State sought to sustain the issuance of the warrant by offering testimony from Detective Scolpino as to what he related to the judge at the time he presented the affidavit for the search warrant. The trial judge held that this testimony was inadmissible because of the manner in which the oath was administered.
We agree that the testimony was inadmissible but on a different ground.
Since the search was based upon a warrant, at the hearing to suppress the defendants had the burden of proof. State v. Mark, 46 N.J. 262, 273 (1966); State v. Gaudiosi, 97 N.J. Super. 565, 571 (App. Div. 1967). However, the State conceded the insufficiency of the affidavit and, therefore, had the burden of going forward with the evidence to show the validity of the warrant.
R. 3:5-3 provides in part:
An applicant for a search warrant shall appear personally before the judge who must take his affidavit or testimony before issuing the warrant. The judge may also examine, under oath, any witness the applicant produces, and may in his discretion require that any person upon whose information the applicant relies appear personally and be examined under oath concerning such information.
Where a warrant is based not only upon the affidavit of the applicant but also upon testimony, a transcript or summary of the testimony must be made. R. 3:5-6 states:
The judge who issued the warrant shall attach thereto the return, inventory and all other papers in connection therewith, including the *235 affidavits and a transcript or summary of any oral testimony, and file them with the county clerk of the county wherein the property was seized. Thereafter the warrant, affidavit and testimony shall be confidential but on order of the Superior Court or a county court they shall be made available, on application and notice to the county prosecutor, to a person claiming to be aggrieved by an unlawful search and seizure.
Here the State failed to show that any transcript or summary was made of Detective Scolpino's testimony.
State v. Clemente, 108 N.J. Super. 189 (App. Div. 1969), certif. den. 55 N.J. 450 (1970), would indicate that it was not necessary for the testimony to be recorded in a transcript or in summary form by the issuing judge. That question was not necessary for the decision in the case because the court had found that the affidavit was sufficient. Id. at 198.
State v. Gwendolyn Harris, 98 N.J. Super. 502 (App. Div.), certif. den. 51 N.J. 396 (1968), held that under the facts of that case the requirements of R. 3:5-6 for filing were directory only. There was apparently no dispute as to the contents of the warrant and the supporting affidavit, both of which had been lost. The contention was that the mere failure to file the affidavit invalidated the search. The question of whether oral testimony had to be transcribed or summarized by the judge was not involved.
A warrant may only be issued where it is supported by the affidavit of the applicant or by the sworn testimony of a witness whose testimony has been taken stenographically and later transcribed or whose testimony has been incorporated in a summary by the issuing judge. R. 3:5-3. Where no transcript or summary of the testimony given before a judge issuing a warrant based not only upon the affidavit but also upon oral testimony has been made, only the affidavit may be considered by the court on the hearing of a motion to suppress. Where a transcript or summary of the sworn testimony is made, then such transcript or summary is admissible to support the warrant. We do not reach the question of whether oral testimony may be admitted on *236 the hearing of the motion to suppress to support or explain the transcript or summary.
The basis of our holding is that for the protection of all parties involved and to facilitate the administration of justice, the recording of testimony, either by transcript or summary, should be mandatory. See Model Code of Pre-Arraignment Procedure, § 2.01(4) and Commentary, p. 26 (Tent. Draft No. 3, 1970). Without such a record a fair review at a later time is, at the least, extremely difficult. Under R. 3:5-6 a defendant is entitled to know before a hearing on a motion to suppress all of the facts upon which a warrant was issued. Given the large number of warrants that are applied for by individual police officers and issued by judges, it is too great a burden on the administration of justice to rely on the ability of an applicant or an issuing judge to accurately recall such past events. We hold that a judge issuing a warrant based partially upon oral testimony must have the testimony transcribed or prepare a summary of the testimony. The transcript or summary should be filed with the warrant and affidavit. R. 3:5-6.
The ruling of the trial judge excluding the testimony of Detective Scolpino was correct. Without such testimony the defendants carried their burden of proving the warrant invalid.
Defendants assert additional arguments attacking the warrant. We do not reach those arguments.
The order of suppression is affirmed.