131 N.J. Super. 270 (1974)
329 A.2d 570
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ROBERT BISACCIA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 18, 1974.
Decided December 2, 1974.
*271 Before Judges LEONARD, SEIDMAN and BISCHOFF.
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for appellant (Ms. Sara A. Friedman, Assistant Prosecutor, on the brief).
*272 Messrs. Citrino, Balsam & Ford, attorney for respondent (Mr. Thomas P. Ford, Jr., of counsel; Mr. Thomas S. DiBiasi, on the brief).
The opinion of the court was delivered by LEONARD, P.J.A.D.
Defendant was indicted by the Essex County grand jury for unlawful possession of a revolver on March 30, 1973, in violation of N.J.S.A. 2A:151-41. Thereafter his motion to suppress the weapon as evidence was granted. The State, with leave first granted, appeals from the order of suppression.
On the above-noted date a special agent of the F.B.I. upon his own affidavit secured a warrant from a federal magistrate to search the person of defendant. In the course of the search the revolver was discovered in defendant's possession.
The supporting affidavit set forth particularized facts tending to show that defendant was a felon and possessed a firearm on various occasions. However, other than asserting that this was in violation of 18 U.S.C.A. App. § 1202(a) (Supp.), the affidavit stated no specific facts establishing that the firearms had been involved in interstate commerce. There was no testimony, sworn or otherwise, or any other affidavit presented to the magistrate at the time the warrant was issued.
The federal officers made no arrest and subsequently they turned the revolver over to state authorities. The aforementioned indictment followed.
Defendant moved to suppress the weapon on the ground, among others, that there were insufficient facts presented to the federal magistrate upon which he could find probable cause to believe that a federal offense had been committed so as to justify the issuance of the search warrant. The trial judge granted the motion, finding that the magistrate "in issuing this warrant, did so without sufficient facts from which he could have reasonably concluded a federal offense was committed by the defendant Bisaccia."
*273 The State concedes that in order to obtain a conviction under 18 U.S.C.A. App. § 1202(a) (Supp.) the government must prove a nexus with interstate commerce. United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488. (1971). However, it contends that in an affidavit for a search warrant specifically alleging a violation of this section of the code, it is not necessary to state those underlying facts showing a connection between a weapon and interstate commerce. This contention lacks merit. United States v. Brouillette, 478 F.2d 1171 (5 Cir.1973). Thomas v. United States, 376 F.2d 564 (5 Cir.1969). The State's reliance upon United States v. McShane, 462 F.2d 5 (9 Cir.1972), is misplaced. First, the court's opinion therein does not disclose the contents of the supporting affidavit. Second, defendant was convicted of three federal firearms violations, including a conviction under 18 U.S.C.A. App. § 1202(a), which does not require proof that interstate commerce had been affected.
Next, the State, relying upon State v. Kasabucki, 52 N.J. 110 (1968), asserts that the instant affidavit should be examined in a "common sense way without a grudging or negative attitude" and is not to be viewed with a "hypertechnical eye." However, the situation present in the instant matter is not comparable to that present in Kasabucki. That case dealt with the interpretation to be given to facts that were set forth in an affidavit. It did not concern itself with a supporting affidavit which omitted essential facts.
Finally, the State asserts that the federal magistrate could rely upon information apart from that contained in the affidavit in determining whether probable cause exists. It points to the testimony at the suppression hearing of the assistant attorney in charge of the federal strike force. He testified that on January 18, 1973 he and the agent who executed the present affidavit went before the same federal magistrate to apply for a search warrant involving another individual suspected of committing the same offense. The attorney stated that at that time he told the magistrate that to his knowledge no firearms were manufactured in this State, *274 so that any weapons found in the search would of necessity have had to travel in interstate commerce. He admitted, however, that no such conversation occurred at the time when the instant warrant was obtained.
Preliminarily, it must be noted that a federal search warrant may issue only upon information embodied in a sworn affidavit. Fed. R. Crim. P. 41(c). However, even though in our State such a warrant may be based either upon affidavits or the sworn testimony of witnesses, R. 3:5-3, where oral testimony is relied upon, a stenographic transcript of this testimony or the court's summary thereof must be filed together with the other requisite papers. R. 3:5-6. Where there is no such transcript or summary, only the affidavit may be considered on the hearing of the motion to suppress. State v. Stolzman, 115 N.J. Super. 231 (App. Div. 1971). We concur with the court's statement in Stolzman, supra at 235, that an apparent contrary finding in State v. Clemente, 108 N.J. Super. 189 (App. Div. 1969), certif. den. 55 N.J. 450 (1970), "was not necessary for the decision in the case because the court had found that the affidavit was sufficient." Thus, we conclude that the trial court properly refused to consider the alleged oral statement made to the magistrate by the attorney in another matter some two months previously.
Affirmed.