176 N.J. Super. 65 (1980)
422 A.2d 105
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
PETER SCHULTZ, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1980.
Decided October 24, 1980.
*67 Before Judges FRITZ, POLOW and JOELSON.
Ronald G. Marmo, Assistant Prosecutor, argued the cause for appellant (Joseph A. Falcone, Passaic County Prosecutor, attorney; John P. Goceljak, Assistant Prosecutor, on the brief).
Philip M. Saginario argued the cause for respondent.
The opinion of the court was delivered by FRITZ, P.J.A.D.
The State appeals on leave granted from the order gained by defendant on his successful suppression motion.
The sole and narrowly limited issue here involved is whether the electronic recordings of telephone conversations between defendant and one Leslie Ann Alessandrelli, obtained by the prosecutor's agent with the consent of Alessandrelli, were subject to the sealing requirement of N.J.S.A. 2A:156A-14. We answer that inquiry in the negative and reverse.
Defendant's attack on the recording is predicated solely on the New Jersey Wiretapping and Electronic Surveillance Control Act, N.J.S.A. 2A:156A-1 et seq. That act imposes criminality on certain communication intercepts (N.J.S.A. 2A:156A-3) and provides for their suppression for violations of the act (N.J.S.A. 2A:156A-21). That act also expressly excludes from its declaration of illegality certain intercepts, for which exclusion those here in question qualify (N.J.S.A. 2A:156A-4 c).
A condition is imposed upon otherwise qualifying intercepts: that "the Attorney General or his designee or a county prosecutor within his authority determines that there exists a reasonable suspicion that evidence of criminal conduct will be derived from such interception." This is the only condition. No condition otherwise imposed by the act, such as authorization by a specified officer to apply for permission to intercept (N.J.S.A. 2A:156A-8) or application for an order (N.J.S.A. 2A:156A-9) or the issuance of an order (N.J.S.A. 2A:156A-12), appears. In such circumstance we are certain the Legislature did not intend *68 to circumscribe the express exclusion from the operation of the act to any greater degree than by the one condition it imposed. See State v. Anepete, 145 N.J. Super. 22 (App.Div. 1976).
While the persuasion of that logic by itself would constrain us to reverse, we find reassurance respecting our conclusion in the obvious inapplicability of the sealing statute (N.J.S.A. 2A:156A-14) according to its own terms. For instance its operative time is marked by the time of the "expiration of the order or extensions or renewals thereof." No order is required for the consensual intercept. The sealing is to be done by "the judge issuing the order." No judicial officer is implicated in any manner in the exclusion of consensual intercepts. There simply is no "judge issuing the order."
The federal cases are particularly pertinent since the New Jersey act was modelled closely after the federal electronic surveillance act. In re Wire Communication, 76 N.J. 255 (1978). Support for our determination is found there in cases expressly holding that the sealing requirement does not apply to consensual recordings but only to judicially authorized intercepts. United States v. Head, 586 F.2d 508 (5 Cir.1978); United States v. Mendoza, 574 F.2d 1373 (5 Cir.1978), reh. den. 579 F.2d 644 (1978), cert. den. 439 U.S. 988, 99 S.Ct. 584, 58 L.Ed.2d 661 (1978); United States v. Vancier, 466 F. Supp. 910 (S.D.N.Y. 1979).
We do not imply that the tapes are thereby admissible. The admissibility of the recordings must be decided when they are offered in evidence. At that time the discretion of the judge is to be directed by the same considerations respecting authenticity and integrity as would be called into play in connection with the offer of any evidence. We say only that the fact that the recordings were not sealed should not result in their suppression under the act.
Reversed.