177 N.J. Super. 451 (1980)
426 A.2d 1081
STATE OF NEW JERSEY, PLAINTIFF,
v.
JOSEPH PARISI, DEFENDANT.
Superior Court of New Jersey, Law Division Criminal Part, Cumberland County.
Decided December 2, 1980.
*453 Richard Milstead, Assistant Prosecutor, for plaintiff (Kenneth A. Pagliughi, Cumberland County Prosecutor, attorney).
Carl W. Cavagnaro for defendant (Reuss and Cavagnaro, attorneys).
KLEINER, J.S.C.
Defendant Parisi has filed a motion to suppress evidence acquired in the first instance as a result of consensual telephonic interceptions conducted, ostensibly pursuant to N.J.S.A. 2A:156A-4(c), and secondly, evidence acquired pursuant to search warrants issued in reliance upon information secured during said telephone interceptions.
As part of an investigation by the prosecutor of Cumberland County into a burglary and "fencing" operation, an informant placed several telephone calls to defendant to arrange sales of stolen property. These calls were consensually intercepted. *454 N.J.S.A. 2A:156A-4(c). Thereafter, sales of stolen property were consummated by the informant at defendant's residence and at defendant's business establishment.
Subsequent to these sales the State Police applied for a search warrant to search defendant's residence. The written affidavit in support thereof relied upon the information obtained from the intercepted telephone conversation as well as the sale of property arranged during that conversation.
A search warrant to search defendant's business property was orally granted subsequent to the initial search. The contemporaneous notes of the Superior Court judge who issued the oral search warrant reveal that the applicant relied upon the original affidavit which established probable cause for the first search warrant. State v. Fariello, 71 N.J. 552 (1976); State v. Liberti, 161 N.J. Super. 575 (App.Div. 1978).
The crux of defendant's argument is that the failure of the prosecutor to utilize forms authorized by the Attorney General in his initial approval of the telephone interceptions renders all evidence derived from the interceptions suppressable. Defendant further contends that once that telephone evidence is suppressed, any search warrant, written or oral, issued thereafter, is tainted, and all physical evidence seized pursuant thereto must also be suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); State v. Sheffield, 62 N.J. 441, 454 (1973).
It is clear that the constitutional Fourth Amendment prohibition against unreasonable searches and seizures is not violated when one of the parties to a conversation consents to the overhearing. State v. McDermott, 167 N.J. Super. 271, 278 (App.Div. 1979).
However, the New Jersey Legislature has limited the occurrence of consensual interceptions.
It shall not be unlawful under this act for:
........

*455 (c) Any person acting at the direction of an investigative or law enforcement officer to intercept a wire or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception; provided, however, that no such interception shall be made unless the Attorney General or his designee or a county prosecutor within his authority determines that there exists a reasonable suspicion that evidence of criminal conduct will be derived from such interception. N.J.S.A. 2A:156A-4(c) (1975); [emphasis supplied]
The emphasized statutory language represents a change from the wording of the statute as originally written. Initially, the New Jersey Wiretapping and Electronic Surveillance Control Act permitted interception where one of the parties consented. N.J.S.A. 2A:156A-4(b) (1968). There was no proviso requiring the prosecutor to make a determination of reasonable suspicion. State v. Schultz, 176 N.J. Super. 65 (App.Div. 1980).
A rule of statutory construction requires consideration of the intent of the Legislature in adopting the law. Where a statute alters the previous law, intent may be ascertained from an examination of the old law, the mischief created and the proposed remedy. DeFazio v. Haven S. & L. Ass'n, 22 N.J. 511, 518 (1956); State v. J.C.S., 156 N.J. Super. 66, 70 (App.Div. 1978).
As originally written, the law permitted unlimited interceptions as long as one of the parties agreed. Obviously, the Legislature was concerned that the statute provided no mechanism for checks on consensual interceptions. The possibilities for abuse were countless, yet there existed no means for review of these interceptions. The Legislature sought to remedy the situation by limiting the circumstances under which a consensual interception could be authorized and by providing a standard for review of the authorization.
Abuses of the statute cannot be obviated unless the basis for the determination of reasonable suspicion is memorialized in a writing which can provide a mechanism for a fair and accurate judicial review. State v. Fariello, supra.
*456 The requirement of a writing to effectuate a proper means of review is not novel. Where an oral search warrant is authorized, the issuing judge must make contemporaneous notes so as to permit a meaningful review of the basis of his probable cause determination. State v. Fariello and State v. Liberti, both supra.
Thus, where no contemporaneous notes are made of the oral representations of a search warrant applicant, oral reconstruction of those representations is precluded. State v. Fariello, supra.
In the instant case there were six telephonic interceptions prior to the issuance of the initial search warrant. Although the county prosecutor signed most of the forms authorizing the interception, the authorization form utilized failed to include any specific reason for the interception or any factual statement upon which the prosecutor could have reached the conclusion that there existed a "reasonable suspicion that evidence of criminal conduct will be derived from such interception." N.J.S.A. 2A:156A-4(c).
N.J.S.A. 2A:156A-23(d) specifically requires that all reporting forms on approved consensual interceptions shall include "the name of the person requesting the authorization, the reasons for the request, and the results of any authorized interception."
Although the maintenance of such uniform records is to permit periodic reports to be submitted to the Attorney General, the inclusion therein of the "reasons for the request" also serves as a mechanism for judicial review of the prosecutor's decision respecting "reasonable suspicion." The execution of the mandated forms memorializes the factual basis for the interception.
Insofar as the Wiretapping and Electronic Surveillance Control Act, N.J.S.A. 2A:156A-1 et seq., must be strictly construed, Matter of In-Progress Trace of Wire Communication, 76 N.J. 255 (1978), this court finds that the evidence obtained as a result of the series of interceptions here was not gathered in compliance with N.J.S.A. 2A:156A-4(c). Any search warrant, *457 oral or written, issued in reliance upon those interceptions is thereby tainted and shall be suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).