181 N.J. Super. 117 (1981)
436 A.2d 948
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOSEPH PARISI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 21, 1981.
Decided October 20, 1981.
*118 Before Judges MILMED, JOELSON and SEIDMAN.
Richard M. Milstead, Assistant Cumberland County Prosecutor, for appellant (Kenneth A. Pagliughi, Cumberland County Prosecutor, of counsel and on the brief).
Carl W. Cavagnaro, for respondent (Reuss & Cavagnaro, attorneys).
James R. Zazzali, Attorney General of New Jersey, amicus curiae. (Judith A. Yaskin, former Acting Attorney General; Kathleen Bridget McGill of counsel and on the brief).
The opinion of the court was delivered by JOELSON, J.A.D.
This is an appeal by the State upon leave granted from an order suppressing evidence obtained as the result of consensual telephonic interceptions and by a search warrant which was supported by information learned through the consensual interceptions. The suppression was based upon the trial judge's determination in a reported opinion that the consensual interceptions *119 were illegal. State v. Parisi, 177 N.J. Super. 451 (Law Div. 1980). We do not differ with the trial judge in his view that a search warrant based on illegally obtained information is itself tainted and all evidence seized pursuant to it must be suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Our disagreement is with the trial court's conclusion that the consensual interceptions were illegal. Accordingly, we reverse.
N.J.S.A. 2A:156A-4(c) provides that is shall not be unlawful for
Any person acting at the direction of an investigative or law enforcement officer to intercept a wire or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception; provided, however, that no such interception shall be made unless the Attorney General or his designee or a county prosecutor within his authority determines that there exists a reasonable suspicion that evidence of criminal conduct will be derived from such interception.
The prosecutor submitted to the trial judge an affidavit that on three occasions he authorized in writing the consensual telephone interceptions here under attack and that he further authorized in writing the use of a body microphone by consent of the person on whom the microphone was placed. The prosecutor's affidavit stated that he was unable to find these authorizations which he signed, but he attached a copy of the form which he used. It is entitled "Request for Consensual Interception Authorization (pursuant to N.J.S.A. 2A:156A-4 c)," and it contains the following statement:
I HAVE REVIEWED THE FOREGOING REQUEST FOR AUTHORIZATION TO CONDUCT A CONSENSUAL INTERCEPTION AND HAVE CONCLUDED THAT THERE EXISTS A REASONABLE SUSPICION THAT EVIDENCE OF CRIMINAL CONDUCT WILL BE DERIVED FROM THE INTERCEPTION. I, THEREFORE, APPROVE THE CONSENSUAL INTERCEPTION.
Nevertheless, the trial judge found the interceptions to be unlawful because "the authorization form utilized failed to include any specific reason for the interception or any factual statement upon which the prosecutor could have reached the conclusion that there existed a `reasonable suspicion that evidence of criminal conduct will be derived from such interception.'" *120 In so finding the judge read into N.J.S.A. 2A:156A-4 c requirements that it does not contain. There is no indication that the Legislature intended to circumscribe this expressly permitted method of intercepting communications to any greater degree than the single condition imposed in N.J.S.A. 2A:156A-4 c. State v. Schultz, 176 N.J. Super. 65 (App.Div. 1980). There is nothing in N.J.S.A. 2A:156A-4 c which mandates that the prosecutor must particularize his reasons for finding reasonable suspicion to exist. As a matter of fact, although a written memorialization of reasonable suspicion on the part of the prosecutor may be desirable for the purpose of proof, the statute does not even appear to require that his determination be in writing. Although N.J.S.A. 2A:156A-8 requires that there be authorization in writing for a wiretap application, there is no similar requirement for authorization for a consensual interception.
Under the assumption that a written determination and authorization by the prosecutor is necessary, defendant complains about the fact that the signed forms in this case have been lost or misplaced. However, even when the transcript of a trial cannot be produced because the reporter's notes have been lost or destroyed, reconstruction of the evidence is permitted. State v. Gaines, 147 N.J. Super. 84 (App.Div. 1975), aff'd sub nom. State v. Powers, 72 N.J. 346 (1977); State v. Harris, 98 N.J. Super. 502 (App.Div. 1968), certif. den. 51 N.J. 396 (1968). As stated in Harris "A wrongdoer should not benefit by the suppression of incriminating evidence simply because those documents have been lost." Id. at 504-505. The trial judge found that the prosecutor had actually signed the forms referred to in his affidavit. We should not disturb such a finding. State v. Johnson, 42 N.J. 146 (1964).
Finally, the trial judge in part based his conclusion of the illegality of the interception on N.J.S.A. 2A:156A-23 d, which provides as follows:

*121 In addition to reports and records otherwise required by law, the Attorney General and the county prosecutor shall maintain records of all interceptions authorized by them pursuant to section 4c., on forms prescribed by the Attorney General. Such records shall include the name of the person requesting the authorization, the reasons for the request, and the results of any authorized interception. The Attorney General shall require that copies of such records maintained by county prosecutors be filed with him periodically and he shall report annually to the Governor and Legislature on the operation of section 4c.
A patent purpose of this subsection is to allow executive and legislative overview of the activities of the prosecutor with regard to interceptions. The subsection does not establish a prerequisite to an interception. In fact, the requirement that the result of the interception be reported can obviously be met only after the completion of the interception.
The order under review is reversed. The matter is remanded to the trial court for further proceedings. We do not retain jurisdiction.