STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ELYZE A. MINTER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 25, 1987—Decided February 8, 1988.

Before Judges FURMAN, BRODY and SCALERA.

*Alfred A. Slocum,* Public Defender, attorney for appellant (*Alan I. Moldoff,* Designated Attorney, of counsel and on the brief).

*W. Cary Edwards,* Attorney General, attorney for respondent (*Mildred Vallerini Spiller,* Deputy Attorney General, of counsel and on the brief).

The majority opinion was delivered by

FURMAN, P.J.A.D.

Defendant was convicted of conspiracy to distribute cocaine, *N.J.S.A.* 24:21–19(a)(1); 24:21–24 and 2C:5–2, following a jury trial. The jury acquitted him of distribution of cocaine. On appeal defendant argues that the admission against him of two electronically intercepted and taped telephone conversations in

which he participated violated the New Jersey Wiretapping and Electronic Surveillance Control Act, *N.J.S.A.* 2A:156A–1 *et seq.,* and was reversible error. We affirm.

█ The issue is novel in this State under the factual circumstances that the electronic intercept was by Federal drug enforcement agents in another State, Pennsylvania, with the consent of an individual cooperating with the Federal authorities, who placed the telephone calls to defendant in his office in Trenton, New Jersey.

Jackie Ellis had been an informant for the Trenton Police Department for about five years. He was introduced by a Trenton Police Detective to two Federal Special Agents working out of Philadelphia. As part of an ongoing narcotics investigation, Federal Special Agent Burns asked Ellis to arrange to purchase narcotics from defendant. Ellis agreed. He had known defendant for several years since playing as a musician at a night club owned by defendant in Pennsylvania. The two intercepted telephone calls, tapes of which were admitted into evidence, ensued. Burns used an intercepting device and a tape recorder. The Federal investigation was abandoned and the tapes turned over to State authorities. Ellis testified at trial to details of narcotics transactions with defendant, including the substance of the two intercepted telephone conversations about cocaine purchases.

Defendant's argument is statutory, not constitutional. He concedes that the consensual interceptions of his telephone conversations with Ellis were in compliance with the Federal wiretap law, 18 *U.S.C.* § 2511(2)(c), and did not offend the Fourth Amendment to the United States Constitution. He does not maintain a State constitutional challenge. The Legislature, prior to 1975, recognized the legality of all intercepted wire communications by a person "acting under color of law ... where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."

It is the 1975 amendment to the State wiretap law upon which defendant relies. That amendment, *N.J.S.A.* 2A:156A–4(c) provides:

It shall not be unlawful under this act for:

. . . . . . . .

c. Any person acting at the direction of an investigative or law enforcement officer to intercept a wire or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception; provided, however, that no such interception shall be made unless the Attorney General or his designee or a county prosecutor within his authority determines that there exists a reasonable suspicion that evidence of criminal conduct will be derived from such interception;

"Investigative or law enforcement officer" is defined in *N.J. S.A.* 2A:156–2(f) as an officer of the State of New Jersey or of any political subdivision with authority to conduct investigations or to make arrests for various offenses enumerated in the act, including violations of the Controlled Dangerous Substances Act, *N.J.S.A.* 24:21–19.

Under *N.J.S.A.* 2A:156A–21, communications which are "unlawfully intercepted" are subject to be suppressed from evidence in this State. Defendant urges that all consensual interceptions at the direction of an investigative or law enforcement officer of any jurisdiction are unlawful and inadmissible in evidence unless the Attorney General, his designee or a county prosecutor has reached a determination of "reasonable suspicion that evidence of criminal conduct will be derived." Defendant's argument is based upon his construction of *N.J.S.A.* 2A:156A–3, which proscribes as a misdemeanor the willful interception of a wire communication "[e]xcept as otherwise specifically provided in this act."

We reject that argument. Defendant would vest legislation of this State with extraterritorial effect, making it unlawful and criminal in New Jersey for Federal agents, acting within their Federal statutory authority, to place an intercepting device on a telephone in another State with the consent of the person making the call. The New Jersey wiretap act proscription of unlawful interceptions of wire communications as criminal of-

fenses should be limited to this State. *See* 1 *Wharton's Criminal Law* (14 ed. Torcia 1978), § 14. Only unlawful interceptions, as defined in the act, are subject to suppression from evidence under *N.J.S.A.* 2A:156A–21. We cannot construe *N.J.S.A.* 2A:156A–3 as reaching out beyond this State's legislative jurisdiction to proscribe as unlawful wire interceptions by Federal agents which are lawful in the jurisdiction where made in accordance with the generally recognized constitutional authority that consensual interceptions are lawful. *United States v. White,* 401 *U.S.* 745, 91 *S.Ct.* 1122, 28 *L.Ed.*2d 453, (1971), reh. den. 402 *U.S.* 990, 91 *S.Ct.* 1643, 29 *L.Ed.2d* 156 (1971); 18 *Pa.Stat.Ann.* § 5704 (Purdon 1979).

There are other practical objections to defendant's interpretation of *N.J.S.A.* 2A:156A–4(c). He would impose an obligation on out-of-state law enforcement officers, possibly three thousand or more miles away, to obtain a determination of "reasonable suspicion" from a New Jersey law enforcement official, even under exigent circumstances, if the wire communication was to be made to someone in this State and, conjecturally, might be offered later in evidence here. Moreover, defendant would preclude admission of wiretaps by Federal law enforcement officers acting alone and without participation by New Jersey law enforcement officers, because only consensual interceptions at the direction of a State law enforcement officer are specifically exempt as lawful from the proscription of *N.J.S.A.* 2A:156A–3.

We need not decide the legality or admissibility of a wiretap in this State by or at the direction of a Federal law enforcement officer acting independently without a prior determination of "reasonable suspicion" by a State law enforcement official. Defendant urges the inadmissibility of an interception made under such circumstances, in accordance with *State v. Mollica,* 217 *N.J.Super.* 95 (App.Div.1987), certif. gr. 108 *N.J.* 214 (1987). We point out that *Mollica* is distinguishable. There the evidence obtained by Federal law enforcement officers pursuant to Federal law, *i.e.,* telephone toll billing records, was held to be

inadmissible in a New Jersey criminal prosecution on constitutional grounds. *State v. Hunt,* 91 *N.J.* 338 (1982), had previously held that such toll records were entitled to the protection of privacy under the State Constitution.

We also point out that *State v. Parisi,* 181 *N.J.Super.* 117 (App.Div.1981), precludes judicial review as to whether the State law enforcement official's determination of "reasonable suspicion" under *N.J.S.A.* 2A:156A–4(c) was reached on adequate supporting evidence; the only justiciable issue on appeal is whether in fact he reached that determination. *Parisi* suggests that the requirement of the determination of "reasonable suspicion" is not substantive but a reporting device to monitor consensual interceptions. See the trial court opinion published at 177 *N.J.Super.* 451 (Law Div.1980). *N.J.S.A.* 2A:156A–23(d) requires the Attorney General and county prosecutors to maintain records of all consensual interceptions which they respectively authorize.

For the first time on appeal, defendant contends that the Trenton Police Department was implicated in the interceptions of Ellis's two telephone calls to him. That contention, which was not raised below, lacks support in the record. Defendant asserts that the Trenton Police Detective not only introduced Ellis to the Federal drug enforcement agents but "maintained contact" with them "to discuss both the informant and the drug investigation." The trial judge, in her oral opinion denying defendant's motion to suppress, attributed the interceptions to Federal authorities. The record indicates only cooperation between Federal and State law enforcement officers and no hint of collusion between them to circumvent *N.J.S.A.* 2A:156A–4(c). There is nothing in the record to establish that any State law enforcement officer knew in advance of, or participated in, the interceptions of the two telephone conversations between Ellis and defendant.

■ Defendant raises as a second issue that the trial judge committed reversible error in excluding testimony of Ellis's

convictions for atrocious assault and battery in 1966 and for carrying a concealed weapon in 1967. In our view, their exclusion on the ground of remoteness was a proper exercise of the trial judge's broad discretion in admitting or excluding proof of prior convictions. *State v. Sands*, 76 *N.J.* 127, 144–145 (1978); *see State v. Balthrop*, 92 *N.J.* 542, 546 (1983).

We affirm.

BRODY, J.A.D., concurring.

I write this separate opinion because I believe that the majority has taken a wrong route to arrive at this affirmance.

The electronically intercepted telephone communications at issue are admissible because *N.J.S.A.* 2A:156A–4(d) permits a person to intercept a telephonic communication to which he is a party. Such an interception is criminal and the electronic tape of the interception inadmissible only if the party making the interception was acting at the direction of a New Jersey law enforcement officer who gave the direction without authority from the Attorney General or his designee or a county prosecutor. *N.J.S.A.* 2A:156A–4(c). The interception here is admissible not because it took place in Pennsylvania but because it was made at the direction of federal, not New Jersey, law enforcement officers.

*N.J.S.A.* 2A:156A–3 makes criminal the interception of a wire or oral communication by the use of any electronic or mechanical device. Evidence derived in that manner may be suppressed. *N.J.S.A.* 2A:156A–21(a).

Four exceptions to the crime are listed in *N.J.S.A.* 2A:156A–4. We are concerned with three that refer to the conduct of New Jersey law enforcement officers.[1] Two provide the following:

---

[1]We are not concerned with the first exception, *N.J.S.A.* 2A:156A–4(a), which permits interceptions by the communication common carrier in the normal course of its business.

It shall not be unlawful under this act for

       *       *       *       *       *       *       *       *

    b.  Any investigative or law enforcement officer to intercept a wire or oral communication, where such officer is a party to the communication or where another officer who is a party to the communication requests or requires him to make such interception;

    c.  Any person acting at the direction of an investigative or law enforcement officer to intercept a wire or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception; provided, however, that no such interception shall be made unless the Attorney General or his designee or a county prosecutor within his authority determines that there exists a reasonable suspicion that evidence of criminal conduct will be derived from such interception.

As the majority points out, *N.J.S.A.* 2A:156A–2(f) defines "investigative or law enforcement officer" to mean a New Jersey investigative or law enforcement officer. Thus *N.J.S.A.* 2A:156A–4(b) do not protect federal law enforcement officers from the general statutory prohibition. I conclude from that anomalous result that the Legislature did not intend the general prohibition against wiretapping, found in *N.J.S.A.* 2A:156A–3, to apply to federal investigative or law enforcement officers whose conduct is regulated by the federal wiretapping law.

The final exception permits a person "not acting under color of law" to intercept an oral communication to which he is a party. *N.J.S.A.* 2A:156A–4(d). It might be argued that Ellis was acting "under color of law" when he intercepted defendant's oral communications because he was acting at the direction of federal law enforcement officers. I would reject that argument. It would be anomalous to deny Ellis the exception because he was directed to make the interception by federal law enforcement officers who, because they are not State law enforcement officers, need not obtain the necessary authorization that would qualify Ellis for the *N.J.S.A.* 2A:156A–4(c) exception.

Reading together the three exceptions, I conclude that the Legislature intended to permit any person to intercept an oral communication to which he is a party unless he is directed to do so by a New Jersey law enforcement officer. In that case the

interception is permitted only if the officer has obtained the authorization of the Attorney General, his designee or a county prosecutor. A person acting under "color of law" is a person acting at the unauthorized direction of a New Jersey law enforcement officer. The interception was therefore lawful under *N.J.S.A.* 2A:156A–4(d), not unlawful under *N.J.S.A.* 2A:156A–4(c), and therefore not subject to suppression under *N.J.S.A.* 2A:156A–21(a).

In my view the majority unnecessarily and erroneously confines the reach of the Wiretapping Control Act to New Jersey interceptions even where an out-of-state interception is made of an oral communication uttered in New Jersey. With respect to the portion of the Act which concerns us, the Legislature had two purposes: to protect the privacy of parties uttering oral communications in New Jersey and to prohibit New Jersey investigative and law enforcement officers from directing a person to intercept an oral communication to which he is a party, without authority from the highest law enforcement officials of the State or county. I already discussed the application of the Act as it pertains to the second purpose.

As to the protection of privacy, the Act defines an "oral communication" that may not be intercepted as "any communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." *N.J.S.A.* 2A:156A–2(b). Defendant is such a person. New Jersey may render unlawful an act committed out of this State if its result is an element of the offense and that result occurs in New Jersey. *N.J.S.A.* 2C:1–3(a)(1) provides in part:

> a person may be convicted under the law of this State of an offense committed by his own conduct if ... [e]ither the conduct which is an element of the offense or the result which is such an element occurs within this State.

This interception, and interceptions generally prohibited under the Act because neither party consented to the interception, defeats the reasonable expectation of a person that his oral communication, uttered in this State, will be private. To the extent

that the Act makes the defeat of that expectation unlawful, it is an element of the offense and we may not thwart the Legislature's intent simply because the electronic or mechanical interception happened to occur in another state. *See N.J.S.A.* 2C:20–34 ("the situs of [a computer-related] offense of theft shall be the location of the computer which is accessed, or where the terminal used in the offense is situated, or where the actual damage occurs.")

I would affirm, but for the reasons stated in this opinion.