598 A.2d 944

STATE OF NEW JERSEY, PLAINTIFF, v. ROBERT BISACCIA ALSO KNOWN AS CABERT, NICHOLAS DESTEFANO AND PAUL JAMES WHITNEY ALSO KNOWN AS JIMMY FROM BOSTON, DEFENDANTS.

Superior Court of New Jersey
Law Division Bergen County

Decided March 12, 1991.

*Charles R. Buckley* for plaintiff (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney).

*Allen C. Marra* for defendant Bisaccia.

*David Assad, Jr.* for defendant DeStefano.

*Thomas Ashley* for defendant Whitney.

MINUSKIN, J.S.C.

The novel issue presented in this motion to suppress is whether the Attorney General or his official designee must authorize, in writing, an *ex parte* application to a judge for an order authorizing a consensual wire or oral interception under

*N.J.S.A.* 2A:156A–4(c), as is required for the interception of wire or oral communications under *N.J.S.A.* 2A:156A–8.

The pertinent facts of this case are as follows. The indictment charged defendants with conspiracy to commit burglary and theft of Snuffy's Restaurant located in Scotch Plains, New Jersey. The evidence supporting this indictment consisted of consensual interceptions of oral and telephonic conversations between an informant of the State and defendants.

On February 15, 1989, newly appointed State Attorney General, Peter N. Peretti, Jr. appointed Robert T. Winter, the Director of the Division of Criminal Justice, to act as his designee for the review and authorization of consensual interceptions of oral and wire communications. Thereafter, Director Winter gave the necessary approvals during the course of the investigation allowing for the consensual monitoring by which the evidence in the within matter was accumulated.

■ It is well settled that the provisions of the New Jersey Wiretapping and Electronic Surveillance Control Act must be strictly construed. *In re Wire Communication,* 76 *N.J.* 255, 260, 386 *A.*2d 1295 (1978). *N.J.S.A.* 2A:156A–8 provides in pertinent part:

> The Attorney General, ... or a person designated to act for such an official and to perform his duties in and during his actual absence or disability, may authorize, in writing, an ex parte application to a judge designated to receive the same for an order authorizing the interception of a wire or oral communication by the investigative or law enforcement officers or agency having responsibility for an investigation when such interception may provide evidence of the commission of the offense of ..., burglary, theft and related offenses....

However, in certain limited situations, there are exceptions to the wiretapping act. *N.J.S.A.* 2A:156A–4(c) provides that it shall not be unlawful under the act for:

> Any person acting at the direction of an investigative or law enforcement officer to intercept a wire or oral communication where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception; provided however, that no such interception shall be made unless the Attorney General or his designee or a county prosecutor within his authority determines that there exists a reasonable suspicion that

evidence of criminal conduct will be derived from such interception. [*N.J.S.A.* 2A:156A–4(c)]

■ Defendant argues that the restrictions contained in *N.J.S.A.* 2A:156A–8 pertaining to the application for authorization of interceptions by the Attorney General or his official designee apply equally to the authorization for consensual interceptions under *N.J.S.A.* 2A:156A–4(c). Specifically, defendant contends that in this case, the Attorney General or his official designee must have been the person who determined that there existed reasonable suspicion that evidence of criminal conduct would be derived from the interception. Although there is no case directly on point on this issue, prior case law interpreting the wiretapping statute is instructive.

In *State v. Schultz*, 176 *N.J.Super.* 65, 422 *A.*2d 105 (App. Div.1980), the court was called on to determine whether the consensual electronic recordings of telephone conversations were subject to the sealing requirement of *N.J.S.A.* 2A:156A–14. The court stated:

> A condition is imposed upon otherwise qualifying intercepts: that "the Attorney General or his designee or a county prosecutor within his authority determines that there exists a reasonable suspicion that evidence of criminal conduct will be derived from such interception." This is the only condition. No condition otherwise imposed by the act, such as authorization by a specified officer to apply for permission to intercept (*N.J.S.A.* 2A:156A–8) or application for an order (*N.J.S.A.* 2A:156A–9) or the issuance of an order (*N.J.S.A.* 2A:156A–12) appears. In such circumstances we are certain the Legislature did not intend to circumscribe the express exclusion from the operation of the act to any greater degree than by the one condition it imposed. [176 *N.J.Super.* at 67–68, 422 *A.*2d 105]

Similarly, in *State v. Parisi*, 181 *N.J.Super.* 117, 436 *A.*2d 948 (App.Div.1981), the issue was whether certain consensual telephonic interceptions were illegally obtained. The trial judge concluded that the interceptions were illegal because the prosecutor failed to show that there existed reasonable suspicion that evidence of criminal conduct would be derived from such interceptions. On appeal, the court concluded that the trial judge had read into *N.J.S.A.* 2A:156A–4(c) requirements that it did not

contain. *State v. Parisi, supra,* 181 *N.J.Super.* at 120, 436 *A.*2d 948. The appellate court went on to say:

> There is nothing in N.J.S.A. 2A:156A–4(c) which mandates that the prosecutor must particularize his reasons for finding reasonable suspicion to exist. As a matter of fact, although a written memorialization of reasonable suspicion on the part of the prosecutor may be desirable for the purpose of proof, the statute does not even appear to require that his determination be in writing. Although N.J.S.A. 2A:156A–8 requires that there be authorization in writing for a wiretap application, there is no similar requirement for authorization for a consensual interception. [*Id.* at 120, 436 *A.*2d 948]

In the case at bar, defendant seeks to impose conditions on *N.J.S.A.* 2A:156A–4(c) which it does not contain. *N.J.S.A.* 2A:156A–4(c) is clearly an exception to the strict provisions of the wiretapping statute. As such, the Legislature intended that consensual interceptions be subject to less stringent restrictions than those otherwise imposed by the act. As the court in *State v. Schultz, supra,* stated, "[n]o condition otherwise imposed by the act, such as authorization by a specified officer to apply for permission to intercept (*N.J.S.A.* 2A:156A–8) ... appears." 176 *N.J.Super.* at 67, 422 *A.*2d 105. Therefore, this court rejects defendant's argument that an official designee of the Attorney General must have authorized the consensual interceptions in the investigation in this case and holds that the Attorney General or his official designee does not have to authorize in writing an *ex parte* application to a judge for an order authorizing a consensual wire or oral interception under *N.J.S.A.* 2A:156A–8. Defendant's motion to suppress the evidence obtained from these interceptions is accordingly denied.